UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NOAH'S ARK PROCESSORS, LLC
and NOAH'S ARK HOLDING
COMPANY, LLC

      Plaintiffs,

v.

ROBERT R. ELLIOTT,

      Defendant.

CIVIL NO. 17-1602 (ADM/DTS)

<u>REPORT AND RECOMMENDATION</u>

This matter comes *sua sponte* before the undersigned Magistrate Judge of the District Court regarding the Court's subject matter jurisdiction over this action. This matter was referred for a Report and Recommendation pursuant to 28 U.S.C. § 636.

For the reasons stated below, it is recommended that this action be REMANDED to state court.

Plaintiffs Noah's Ark Processors, LLC and Noah's Ark Holding Company, LLC are Minnesota limited liability companies that commenced this lawsuit against Robert R. Elliott in Hennepin County District Court, Fourth Judicial District on or about May 8, 2017. Plaintiffs seek a declaratory judgment under the Uniform Declaratory Judgments Act that a 2014 amendment to their operating agreement is legally valid. Defendant Elliott is a member of the Noah's Ark companies and objects to the amendment, which provides that (1) any disputes among members arising under the operating agreement shall be venued in Hennepin County District Court, Fourth Judicial District, and (2) members waive the right to trial by jury with respect to any such disputes.

On May 15, 2017 Elliott, acting *pro se*, removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. Notice of Removal ¶ 14, ECF No. 1. He claims the 2014 amendment violates the Seventh and Fourteenth Amendments to the United States Constitution by depriving him of the right to a jury trial, and impairs his right not to be deprived of property without due process of law. *Id.* ¶¶ 8, 13.

Under 28 U.S.C. § 1331, federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Removal of a case from state court may not be based on a federal defense. *Id.* The complaint here states no federal question to support jurisdiction under 28 U.S.C. § 1331. It seeks a declaratory judgment regarding a provision in a corporate operating agreement. There also is no basis to exercise diversity jurisdiction because the case presents no amount in controversy exceeding $75,000 and no complete diversity of citizenship between the plaintiffs and defendant.[1] *See* 28 U.S.C. § 1332(a). Accordingly, this Court has no subject matter jurisdiction over this action and must remand it to state court.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED THAT this action be **REMANDED** to Hennepin County District Court, Fourth Judicial District pursuant to 28 U.S.C. § 1447(c).

---

[1] Elliott admits he is a member of both LLC plaintiffs, whose citizenship for diversity purposes is the citizenship of all their members. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Therefore, a suit between an LLC and any one of its members, by definition, is not diverse.

Dated: May 24, 2017

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.