UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Noah's Ark Processors, LLC and Noah's Ark
Holding Company, LLC,

      Plaintiffs,

  v.

Robert R. Elliott,

      Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 17-1602 ADM/DTS

_____

William M. Topka, Esq., and Robert B. Bauer, Esq., Dougherty, Molenda, Solfest, Hills & Bauer P.A., Apple Valley, MN, on behalf of Plaintiff.

Robert R. Elliott, pro se.
_____

## I. INTRODUCTION

This matter before the undersigned United States District Judge for a ruling on Defendant Robert Elliott's ("Elliott") Objection [Docket No. 12] to Magistrate Judge David T. Schultz's May 25, 2017 Report and Recommendation [Docket No. 2] ("R&R"). Elliott objects to Judge Schultz's recommendation to remand this action to state court. For reasons set forth below, Elliott's objection is overruled.

## II. BACKGROUND

Elliott is a member of Noah's Ark Processors, LLC and Noah's Ark Holding Company (collectively, "Noah's Ark" or the "Companies"). Am. Compl. [Docket No. 1-2] ¶ 7. On January 3, 2014, the Companies' operating agreements were amended in two respects Am. Compl. ¶ 11. A forum selection clause was added to require that disputes between Noah's Ark members or between members and the Companies be adjudicated in the Fourth District of

Hennepin County, Minnesota. Id. The amendment also added a jury waiver, which required members to waive their right to trial by jury in suits against other members or against Noah's Ark. Id. Although Elliott voted against the amendment, the amendment passed. Id.

On March 24, 2017, Noah's Ark filed a declaratory judgment action in the Fourth District of Hennepin County, seeking an order declaring the amendment to be valid. Am. Compl. ¶17. On May 15, 2017, Elliottt removed the case to federal court, citing federal question jurisdiction, 28 U.S.C. § 1331.

On May 24, 2017, Judge Schultz *sua sponte* recommended the case be remanded to state court for lack of jurisdiction. R&R at 1. Judge Schultz determined that Elliottt's removal was based upon an anticipated federal defense, which is not a valid basis for jurisdiction under § 1331. Id. at 2.

Elliottt objects to Judge Schultz's conclusion that federal question jurisdiction is lacking.[1] Elliottt argues that federal question jurisdiction is present because the complaint should be read as "arising under" the Constitution because it directly implicates constitutional protections, or because resolution of the case involves a substantial question of federal law. Obj. at 5–9, 13–16. Elliottt also argues that jurisdiction is proper under the "natural plaintiff" theory. Id. at 13–19.

### III. DISCUSSION

**A. Standard of Review**

The standard of review of a magistrate judge's order on a dispositive issue is *de novo*. See 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

---

[1] Elliottt does not argue that diversity jurisdiction under 28 U.S.C. § 1332(a) is present.

2

magistrate judge with instructions." D. Minn L.R. 72.2(b).

**B. Federal Question Jurisdiction**

    **1. Arising Under**

Elliott first argues that the Complaint "arises under" federal law because it seeks a determination that Elliott's Seventh Amendment jury trial rights have been waived. Elliott is incorrect.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). In other words, federal question jurisdiction exists in only "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27–28 (1983).

In this case, Noah's Ark's Amended Complaint asserts a single cause of action under Minnesota's Uniform Declaratory Judgments Act, which provides that "[a]ny person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." Minn. Stat. § 555.02. This case does not assert, as Elliott argues, a claim seeking to eliminate a constitutional right. Rather, this suit seeks a determination that amendments to the operating agreements of two Minnesota LLCs are valid. Accordingly,

this claim does not "arise under" federal law necessary to confer federal jurisdiction under 28

U.S.C. § 1331.[2]

**2. Natural Plaintiff**

Elliott next argues that the "natural plaintiff" doctrine, a seldom invoked concept limited to declaratory judgment actions, confers federal jurisdiction over Plaintiffs' Amended Complaint. This argument also falls flat.

In declaratory judgment cases, the well-pleaded complaint rule operates uniquely, and the "realistic position of the parties is reversed." Pub. Serv. Comm'n v. Wycoff Co., Inc., 344 U.S. 237, 248 (1952). The Seventh Circuit succinctly explained the doctrine:

> [T]o determine whether a declaratory-judgment action comes within federal jurisdiction, a court must dig below the surface of the complaint and look at the underlying controversy. If a well-pleaded complaint by the defendant (the "natural" plaintiff) would have arisen under federal law, then the court has jurisdiction when the "natural" defendant brings a declaratory-judgment suit.

Wis. Interscholastic Athletic Ass'n v. Gannett Co., Inc., 658 F.3d 614, 620–21 (7th Cir. 2011) (quotations and citation omitted).

In Wisconsin, the underlying cause of action asserted by the "natural plaintiff" arose under 42 U.S.C. § 1983, which provides an independent source of federal jurisdiction. Id. at

---

[2] Elliott also contends that complete preemption satisfies federal question jurisdiction, arguing that federal law exclusively governs the adjudication of jury waivers. "The complete preemption doctrine applies only when a federal statute possesses extraordinary pre-emptive power, a conclusion courts reach reluctantly." Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998) (quotation marks and citation omitted). Here, there is no federal statute at issue. Additionally, the Amended Complaint does not explicitly refer to the United States Constitution. When the forum selection clause and the jury waiver are read together, the jury waiver is directed to the jury trial right secured by Article 1, Section 4 of the Minnesota State Constitution.

4

621.  In another case, the Seventh Circuit similarly held that federal question jurisdiction was present because the well-pleaded complaint by the "natural plaintiff" arose under ERISA, a federal statute that supports federal jurisdiction.  NewPage Wis. Sys. Inc. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy Allied Indus. & Serv. Workers Int'l Union, AFL-CIO/CLC, 651 F.3d 775, 777–78 (7th Cir. 2011).

Here, there is no underlying cause of action available to Elliott as the "natural plaintiff" to confer federal jurisdiction.[3]  Therefore, even under the "natural plaintiff theory," federal question jurisdiction is lacking.

### 3. Substantial Question of Federal Law

Finally, Elliott argues that federal jurisdiction exists because the right to relief depends upon the application of federal law.  This argument fares no better.

Elliott cites Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), to support his position.  In that case, federal question jurisdiction was found in a quiet title action that necessarily hinged upon the interpretation of federal tax law.  Id. at 310.  The Supreme Court ruled that federal question jurisdiction was satisfied because it was one of those cases "that 'really and substantially involv[ed] a dispute or controversy respecting the validity, construction or effect of [federal] law."  Id. at 313 (quoting Shulthis v. McDougal, 255 U.S. 561, 569 (1912)).

That is not the case here.  "[T]he constitutional right to a jury trial may be waived by the parties' agreement."  Nw. Airlines, Inc. v. Air Line Pilots Ann'n, Int'l, 373 F.2d 136, 142 (8th

---

[3] Elliott incorrectly argues that his Seventh Amendment rights provide the basis to support federal jurisdiction under the natural plaintiff theory.  Rather, alleged constitutional deprivations must be pursued through a remedial scheme such as 42 U.S.C § 1983.

5

Cir. 1967); Ottman v. Fadden, 575 N.W.2d 593, 597 (Minn. Ct. App. 1998). It can be waived impliedly or expressly through contract. Nw. Airlines, 373 F.2d at 142. The legality of the jury waiver in the Companies' operating agreements is not a question of law concerning the "validity, construction or effect" of federal law. Grable, 545 U.S. at 313.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Robert R. Elliottt's Objection [Docket No. 12] is **OVERRULED**;

2. Judge Schultz's May 25, 2017 Report and Recommendation [Docket No. 2] is **ADOPTED**; and

3. The Amended Complaint [Docket No. 1-2] is remanded to the Fourth Judicial District in Hennepin County, Minnesota.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 17, 2017.